UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **COLE BEZNER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:18-CV-3060-B** |
| | § | |
| **NATIONAL DEBT HOLDINGS LLC** | § | |
| **and ELMVIEW MANAGEMENT** | § | |
| **SERVICES INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Cole Bezner's Petition for Attorney's Fees and Costs (Doc. 23), filed on February 12, 2020. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Bezner's request (Doc. 23).

**I.**

**BACKGROUND**

On November 16, 2018, Bezner sued Defendants Elmview Management Services Inc. and National Debt Holdings LLC ("Defendants"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392.001 *et seq.* (TDCA), and Texas common law. Doc. 1, Compl., ¶¶ 74–94.

After conducting limited discovery, Defendants made a Rule 68 offer of judgment, which Bezner accepted on May 13, 2019. Doc. 21, Notice of Rule 68 Offer & Acc., 1. The offer provided that Defendants would pay Bezner $ 2,600 in return for Bezner dismissing his claims. Doc. 21-1, Defs.' Offer of J., 3–4. In addition, the offer stipulated that Defendants would pay reasonable

attorney's fees and costs. *Id.* at 3. The Clerk of Court entered judgment pursuant to the accepted offer of judgment on May 20, 2019. Doc. 22, Judgment.

Nine months later, after failing to negotiate an agreed amount for attorney's fees, Bezner filed the instant motion requesting an award of $9,060 in fees and $500 in costs, totaling $9,560. Doc. 23, Pl.'s Pet., 3. In support of this request, Bezner relies upon the affidavit of his attorney, Jeffery D. Wood, a billing report developed by Wood on review of his firm's records, e-mail records supporting specific time entries, and various other documents. *See generally id.* (citing, *inter alia*, Doc. 23-1, Statement of Services). In response, Defendants argue that Bezner's fee request is untimely under the Federal Rules of Civil Procedure and ask that the request be denied. Doc. 24, Defs.' Resp., 1. Alternatively, Defendants ask that the Court find that Bezner's request is unreasonably high and submit that the award should be $2,771.50 plus costs of $500.00[1], totaling $3,271.50. *Id.* at 2–4.

## II.

## LEGAL STANDARDS

### A. *Timeliness of Request for Attorney's Fees*

Generally, "[a] party seeking attorneys' fees must make a timely Rule 54(d)(2)(B) motion unless it falls under a 54(d) exception." *United Indus. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996). Rule 54(d)(2)(B) requires that motions for attorney's fees "be filed no later than 14 days after the entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(B)(i). However, notwithstanding its tardiness, a request for attorney's fees may be valid if the opposing party was properly notified of the request. *See Romaguera v. Gegenhiemer*, 162 F.3d 893, 895 (5th Cir. 1998).

---

[1] By conceding the $500 in requested costs in their response, Defendants agree, as does the Court, that Bezner's costs are reasonable. Accordingly, the only issue before the Court is whether Bezner's request for $9,060 in attorney's fees is reasonable.

B. *Reasonableness of Fees*

Courts in the Fifth Circuit "apply a two-step method for determining a reasonable attorney's fee award." *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016) (citation omitted). Courts "first calculate the lodestar, 'which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.' In calculating the lodestar, '[courts] should exclude all time that is excessive, duplicative, or inadequately documented.'" *Id.* at 392 (citation omitted). "There is a strong presumption of the reasonableness of the lodestar amount." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006)).

After calculating the lodestar, courts move to the second step and evaluate the resulting value in relation to "the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)." *Smith v. Acevedo*, 478 F. App'x 116, 124 (5th Cir. 2012) (per curiam) (citation omitted). The *Johnson* factors are: (1) "time and labor required" for the litigation; (2) "novelty and difficulty of the questions" presented; (3) "skill requisite to perform the legal service properly"; (4) "preclusion of other employment"; (5) "customary fee"; (6) "[w]hether the fee is fixed or contingent"; (7) "limitations imposed by the client or the circumstances"; (8) "amount involved and the results obtained"; (9) "experience, reputation, and ability of the attorneys"; (10) "'undesirability' of the case"; (11) "nature and length of the professional relationship with the client"; and (12) "[a]wards in similar cases." 488 F.2d at 717–19, *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). Importantly, "[t]he lodestar may not be adjusted due to a *Johnson* factor . . . if the creation of the lodestar amount already took that factor into account[.]" *Saizan*, 448 F.3d at 800.

## III.

## ANALYSIS

The Court concludes that despite the delay in Bezner's request for attorney's fees, Bezner has not waived his right to recover attorney's fees. However, after reviewing the evidence submitted by the parties, the Court finds that the number of total hours expended on the case, as submitted by Bezner, is unreasonable and will reduce the fee award accordingly.

### A. *Timeliness of Bezner's Petition for Attorney's Fees*

Defendants first argue that Bezner's request is untimely because it was not filed within fourteen days of the entry of judgment per Rule 54. Doc. 25, Defs.' Br., 1. According to Defendants, Bezner's delay operates as a waiver of his claim for attorney's fees. *See id.* at 1–2. The Court disagrees and concludes that Bezner has not waived his right to recover attorney's fees because Defendants were given timely notice of Bezner's attorney's fees claim.

"Rule 54(d)(2) sets out the minimum requirements needed to effectuate a valid notice" of a request for attorney's fees. *Romaguera*, 162 F.3d at 895. "However, a court may deem a notification sufficient if it satisfies the intended purposes of Rule 54(d)(2)"—principally, that counterparties are properly notified of requests for attorney's fees. *Id.* at 895–96. For example, in *Romaguera*, the Fifth Circuit found that a plaintiff's motion for attorney's fees, filed 343 days after the entry of final judgment, satisfied Rule 54 because the district court's judgment gave the impression that a hearing would be scheduled by the court. *Id.* The Fifth Circuit emphasized that had the district court not addressed the request or indicated it would schedule a hearing, then the fourteen-day filing requirement under Rule 52(d)(2) would have applied. *Id.* at 896.

In the instant case, the Court finds that Defendants were sufficiently on notice to satisfy the

purposes of Rule 54. Under the FDCPA, prevailing plaintiffs are entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Notably, unlike prevailing defendants in bad-faith FDCPA cases who "may" be awarded costs and fees, see *id.*, plaintiffs who prevail in FDCPA actions are entitled to the award of costs and fees under the FDCPA. *See id.* Given the "generally mandatory" nature of this relief, which districts courts may outright deny only under "extreme facts," Defendants were likely on notice of Bezner's request for attorney's fees. *See Davis v. Credit Bureau of the S.*, 908 F.3d 972, 977, 981 (5th Cir. 2018); *Romaguera*, 162 F.3d at 895–96.

Further, even if the mandatory language of the FDCPA were not sufficient to put Defendants on notice of Bezner's request, the entry of judgment was. Indeed, the Clerk's May 20, 2019, judgment expressly awards Bezner "costs to date and reasonable attorney's fees." Doc. 22, Judgment; *see Romaguera*, 162 F.3d at 895. Thus, the Court finds that Defendants had sufficient notice of Bezner's request so as to excuse Bezner from having to file a motion for attorney's fees within fourteen days of judgment.

*B. Reasonableness of Fees Requested*

Having decided that Bezner's attorney's fee request has not been waived, the Court now considers an appropriate fee award under the present circumstances. As described above, the Court first calculates the lodestar by multiplying the prevailing hourly rate in the community by the number of hours reasonably expended on the case. Once the lodestar is calculated, the Court then considers whether to adjust the lodestar using the twelve *Johnson* factors.

1. Hourly rate

Bezner submits a regular hourly billing rate of $300, and an hourly rate of $150 for travel.

Doc. 23., Pl.'s Pet., 6; Doc. 23-1, Statement of Services, 2–7. Defendants do not contest these rates, Doc. 24, Defs.' Resp., 2, and other courts in this district have found similar figures reasonable in FDCPA cases. *See, e.g.*, *Merrick v. Michael J. Scott, P.C.*, 2011 WL 2912613, at *2 (N.D. Tex. June 22, 2011), *adopted by* 2011 WL 2912440 (N.D. Tex. July 19, 2011) (finding a $290 hourly rate "reasonable and customary in this district"); *see also In re Babcock & Wilcox Co.*, 526 F.3d 824, 828–29 (5th Cir. 2008) (noting that courts have broad discretion in determining an appropriate rate for travel time). Thus, the Court will accept Bezner's submitted hourly rates as the "prevailing hourly rate[s] in the community for similar work." *Combs*, 829 F.3d at 392 (citation omitted).

2. Hours expended

A fee applicant has "the burden of proving the reasonableness of the number of hours expended on his prevailing claim." *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (citations omitted). "Although courts ordinarily expect applicants to provide contemporaneous billing records, the lack of such records is not necessarily fatal to a fee request, 'as long as the evidence produced is adequate to determine reasonable hours.'" *Portillo v. Cunningham*, 872 F.3d 728, 741–42 (5th Cir. 2017) (quoting *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010)). In the present case, Bezner has offered a sufficiently detailed, albeit non-contemporaneous, billing statement to reflect the reasonable number of hours expended. *See* Doc. 23-1, Statement of Services; *Payne v. Univ. of S. Miss.*, 681 F. App'x 384, 390 (5th Cir. 2017) (per curiam) (finding non-contemporaneous billing records showing "the date tasks were performed, a brief description of tasks performed, the time spent on each task, the hourly rate, and a brief explanation for seeking the fees" was sufficient).

Bezner requests that his counsel be compensated for 32.10 hours total: 28.30 hours billed at

the regular hourly rate and 3.80 hours billed at the travel rate.[2] Defendants maintain on several grounds that Bezner's claimed hours should be reduced. The Court will address each ground in turn below.

*a. Hours allotted to preparing the complaint*

First, Defendants argue that Bezner's claim of 4.10 hours[3] for drafting, revising, editing, and filing the complaint is unreasonable because only some of the counts articulated in the complaint were successful, and the complaint tracked the language of pleadings previously filed by Bezner's counsel in similar matters. Doc. 25, Defs.' Br., 6. The Court agrees and holds that Bezner should be compensated for 1.50 hours of work in drafting the complaint.

Work performed on unsuccessful claims is not considered in calculating the lodestar. *See Von Clark*, 916 F.2d at 258 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *Johnson v. Eaton*, 80 F.3d 148, 152 (5th Cir. 1996) (remanding an FDCPA attorney's fee award for failure to prove a successful claim as to one defendant, and directing the district court on remand to reduce the award of fees against the second defendant to the extent that any were attributable to preparation of the case against the first defendant); *see also* 15 U.S.C. § 1692k(a)(2)(3) (stating debt collectors who violate the FDCPA are liable "in the case of any *successful* action" for "the costs of the action, together with a reasonable attorney's fee as determined by the court") (emphasis added). Moreover, "[w]hen the documentation of hours is inadequate for the court to identify those hours spent on prevailing claims which are separate and distinct from other claims, the district court may reduce the

[2] Because Defendants do not contest counsel's hours attributed to travel, see generally Doc. 25, Defs.' Br. 5–8, the Court assumes they are reasonable.

[3] Specifically, this number represents the sum of counsel's October 25, 2018 (3.70 hours), and November 16, 2018 (.40 hours), time entries related to preparing the complaint. *See* Doc. 23-1, Statement of Services, 2.

award accordingly." *Von Clark*, 916 F.2d at 259.

Here, three of the nine counts alleged in Bezner's original complaint were dismissed for lack of personal jurisdiction. *See* Doc. 1, Compl., ¶¶ 96–105; Doc. 14, Mem. Op. & Order, 8.[4] Because much of the information relating to the three dismissed counts is also relevant to the remaining successful counts, the Court declines to reduce the fee award by strictly proportioning the lodestar hours to match the proportion of successful counts. Instead, the Court finds a one-hour reduction in time allotted to the complaint is appropriate to represent the portion of the complaint attributable to unsuccessful claims. As such, the Court reduces the number of hours spent on preparation of the complaint from 4.10 hours to 3.10 hours.

Next, while attorneys may use form pleadings to save clients on fees, use of such pleadings also reduces the number of hours compensable in a fee award. *See Merrick*, 2011 WL 1938188, at *6; *see also Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)) (emphasis in *Hensley*) ("Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."). For example, in *Merrick*, the district court found that an FDCPA plaintiff's one-and-a-half-hour claim for his counsel's preparation of a complaint was unreasonable when it was nearly identical to complaints submitted in parallel cases filed and settled against the same defendant. 2011 WL 1938188, at *6.

In the instant case, the Court agrees with Defendants that Bezner's complaint derives largely from prior complaints in similar cases filed in federal court. *See* Doc. 25, Defs.' Br., 6 (citing, *inter alia*, Complaint, *Hollis v. Capital Link Mgmt.*, No. 1:18-cv-0163-H (N.D. Tex. Jan. 22, 2020, ECF No. 1)).

---

[4] Defendants' responsive pleading claims that "three of the six" counts in the original complaint were dismissed. Doc. 25, Defs.' Br., 6. This misunderstanding likely derives from Bezner's failure to accurately number the counts in the original complaint. *See* Doc. 1, Compl., ¶¶ 96–105.

Therefore, Bezner's counsel should only be compensated for a reasonable time spent adjusting the form complaint to the present case. *See Merrick*, 2011 WL 1938188, at *6. Accordingly, the Court finds that the complaint-related hours should be reduced by an additional 1.60 hours, so that Bezner's counsel's hours spent preparing the complaint total 1.50 hours. *Cf. id.* (finding a total of 0.5 hours reasonable for a plaintiff's attorney to make client-specific adjustments to a form complaint where the complaint alleged a violation of the FDCPA against a single defendant).

Thus, in total, the claimed time allotted to the complaint should be reduced by 2.60 hours, reducing the total amount of hours claimed by Bezner's counsel from 28.30 hours to 25.70 hours.

*b. Hours allotted to investigation*

Next, Defendants assert that the failure of Bezner's counsel to sufficiently investigate his claims renders an additional 2.60 hours[5] of work unreasonable. Doc. 25, Defs.' Br., 6–7. In support, Defendants point to statements made by Bezner's counsel suggesting deficient factual inquiry into Bezner's claims prior to commencing this action. *Id.* at 7.

After reviewing the parties' submissions, the Court finds that the April 25, 2019, time entry appears duplicative. The time entry description reads, "sorting out the com[p]licated facts related to what accounts were being collected by each collector that contacted Plaintiff in light of representations made by opposing counsel that likely the wrong parties have been sued." Doc. 23-1, Statement of Services, 5. However, various time entries from October 2019 already purport to cover the investigation of the factual background of the case. *See id.* at 2. Given that Bezner carries the burden "of showing the reasonableness of the hours [billed]" and demonstrating that counsel

---

[5] This represents the sum of the following: the October 11, 15, and 24, 2019, time entries (collectively 1.80 hours), and the April 25, 2019, time entry related to sorting out facts (.80 hours). *See* Doc 23-1, Statement of Services, 2, 5.

"exercised billing judgment," and Bezner has offered no explanation for distinguishing between the entries, the Court concludes that the April 25, 2019, time entry is duplicative. *See Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996). As such, the Court holds that a .80-hour reduction, which excludes the April 25, 2019, entry from the lodestar calculation, is appropriate. With this deduction, Bezner's counsel's claim of hours expended on the case now totals 24.90 hours.

*c. Hours allotted to discovery response*

Defendants also contend that Bezner's claim of 1.30 hours attributed to "preparing objections to discovery requests" on May 3, 2019, is unreasonable, because Defendants never received a substantive response to their discovery request. *See* Doc. 23-1, Statement of Services, 6; Doc 25., Defs.' Br., 7. Again, because Bezner did not further explain this item in a reply brief and bears the burden of establishing reasonableness, the Court holds that the 1.30-hour claim attributed to discovery responses is unreasonable and reduces the lodestar accordingly. Thus, the total number of hours expended by Bezner's counsel is currently 23.60 hours.

*d. Hours allotted to amending pleadings on day of accepting offer of judgment*

Defendants next argue that the Court should reduce the lodestar by 2.20 hours[6] to exclude time charged for preparing amended pleadings at the time the offer of judgment was accepted. Doc. 25, Defs.' Br., 7–8. Specifically, Defendants argue that the amendment was unnecessary and was likely filed in order to remove allegations applicable to outside parties. *Id.* Courts may find a billing item unnecessary where it is billed after the mutual resolution of the substantive claims. *See Hagan*

[6] This represents the sum of two May 10, 2019, time entries of .50 and 1.70 hours, respectively. *See* Doc. 23-1, Statement of Services, 6.

*v. MRS Assocs., Inc.*, 2001 WL 531119, at *9 (E.D. La. May 15, 2001), *aff'd*, 281 F.3d 1280 (5th Cir. 2001) (per curiam) (disallowing an attorney's fee claim item for a deposition conducted after agreeing to settle).

Here, Bezner accepted Defendants' offer to resolve the case on the same day Bezner's counsel filed his amended complaint. Doc. 23-1, Statement of Services, 6–7. Moreover, the relevant time entry specifically indicates that counsel's purpose in amending his pleading was to "protect plaintiff's claims against [an] unknown company[.]" *Id.* at 6. This explanation supports Defendants' contention that the amendment was unrelated to enforcing FDCPA liability in the case at bar. Thus, because he has not further explained this entry, Bezner has failed to meet his burden of showing that the time spent on the amendment was reasonable in pursuing his case against these Defendants. Accordingly, the Court disallows these entries and reduces the lodestar by 2.20 hours, to a total of 21.40 hours.

*e. Hours resulting from block billing*

Finally, Defendants argue that the lodestar should be reduced on account of "block billing" by Bezner's counsel. Doc. 25, Defs.' Br., 8.[7] "'[B]lock billing' refers to the [disfavored] 'time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, 2011 WL 487754, at *4–5 (N.D. Tex. Feb. 11, 2011) (quoting *Glass v. United States*, 335 F. Supp. 2d 736, 739 (N.D. Tex. 2004)). When attorneys impermissibly engage in block billing,

[7] Defendants also appear to take issue with Bezner's inclusion of various time entries attributed to the preparation or receipt of electronic correspondence. Doc. 25, Defs.' Br., 8. However, Bezner's counsel included detailed descriptions of each time entry and limited most billing entries related to electronic correspondence to one-tenth-hour increments. *See* Doc. 23-1, Statement of Services. Regardless, Defendants do not cite to, nor is the Court aware of, any authority in this circuit discounting similarly detailed time entries on this basis. *See* Doc. 25, Defs.' Br., 8.

the appropriate remedy is not to deny the fee award, but to instead reduce the award by an appropriate percentage. *Morguard, LLC v. Rowe*, 2020 WL 1479857, at *3 (N.D. Tex. Feb. 26, 2020) (citing *Fralick*, 2011 WL 487754, at *13).

The Court concludes that counsel's time entries are not properly characterized as block billing. The harmful characteristic of block billing is that it prevents a court from "accurately determin[ing] the number of hours spent on any particular task," and ultimately hinders the reasonableness inquiry. *Barrow v. Greenville Indep. Sch. Dist.*, 2005 WL 6789456, at *4 (N.D. Tex. Dec. 20, 2005) (citation omitted). But here, Bezner's submitted time records do not prevent the Court from ascertaining the number of hours spent on each task. *See generally* Doc. 23-1, Statement of Services. Rather, each time entry specifically describes a single or reasonably related set of tasks and the time spent on each task. *See id.* In many entries, Bezner's counsel included a description of the subject matter of correspondence for which he was billing. *See id.* As such, the Court finds that the time records do not hinder the reasonableness inquiry and declines to reduce the fee award on this ground.

Altogether, having reduced Bezner's claimed hours by 6.90 hours[8], the Court calculates the reasonable hours expended on this case to be 21.40 hours. Multiplying this total by the $300 hourly rate and adding the undisputed travel amount of $570, the appropriate lodestar figure is $6,990.

3. *Johnson* factor adjustments

Having calculated the lodestar, the Court now considers whether an adjustment is

[8] This represents the total of the following reductions: 2.60 hours (based on claims dismissed from the complaint and use of form complaint); .80 hours (based on duplicity in factual investigation entries); 1.30 hours (preparing discovery objections with no substantive response); and 2.20 hours (amending pleadings at time offer of judgment was accepted).

appropriate in relation to the twelve *Johnson* factors. Defendants argue that a fifty-percent reduction to the lodestar amount is appropriate under the eighth *Johnson* factor, "amount involved and results obtained[.]" Doc. 25, Defs.' Br., 9 (quoting *Johnson*, 488 F.2d at 718). The Court disagrees and declines to adjust the lodestar.

As discussed above, "[a] strong presumption exists that the lodestar represents a reasonable fee that should be modified only in exceptional cases." *Payne*, 681 F.3d at 390-91 (quoting *Pembroke v. Wood Cty.*, 16 F.3d 1214 (5th Cir. 1994)); *see Merrick*, 2011 WL 1938188, at *10 n.17 (reiterating in the FDCPA context that "the results obtained [are] presumably fully reflected in the lodestar amount"). Moreover, Fifth Circuit FDCPA precedent expressly rejects "a rule of proportionality between the fee awarded and the damages recovered in determining the award of attorney fees." *Henderson v. Eaton*, 2002 WL 31415728, at *6 (E.D. La. Oct. 25, 2002) (citing *R.M. Perez & Assoc., Inc. v. Welch*, 960 F.2d 534, 542 (5th Cir. 1992)).

Turning to the "results obtained" here, Bezner recovered maximum statutory damages under the FDCPA, maximum statutory damages under the TDCPA, and $1,000 in actual damages. Doc. 22, Judgment. This recovery is reasonably substantial, given that FDCPA awards often resolve without actual damages. *See, e.g.*, *Brown v. Phoenix Recovery Grp.*, 2009 WL 4907302, at *1 (N.D. Tex. Dec. 21, 2009). Accordingly, given the lodestar's strong presumption of reasonableness, the Court finds there is insufficient reason to adjust the fee award.

Because the Court declines to adjust the fee award based on the *Johnson* factors, the reasonable fee award in this case equals the lodestar, or $6,990 in total. Adding the $500 in undisputed costs, the total sum of fees and costs is $7,490.

## IV.

## CONCLUSION

For the reasons stated, the Court **GRANTS in part** and **DENIES in part** Bezner's Petition for Attorney's Fees and Costs (Doc. 23), and awards Bezner $6,990 in attorney's fees and $500 in costs, for a total award of $7,490.

**SO ORDERED.**

**SIGNED: April 19, 2020.**

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**